IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 APR 29 A 9: 32

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**AMY SHOEMAKE,**

    **PLAINTIFF,**

**V.**

**KNAUFF FIBER GLASS
AND ADECCO EMPLOYMENT SERVICES,**

    **DEFENDANTS.**

CIVIL ACTION NO.

3:05cv398-F

DEMAND TRIAL BY JURY

## COMPLAINT

COMES NOW the Plaintiff, Amy Shoemake, by and through the undersigned attorneys, and for the causes of action, states the following:

    I.    **JURISDICTION AND VENUE**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq.* The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e *et seq.* providing for injunctive and other relief against sexual harassment and pendent state claims.

    2.    Plaintiff has filed a timely EEOC Charge against each Defendant (Exhibits 1 & 2) and received the Rights to Sue (Exhibits 3 & 4).

    II.    **PARTIES**

    3.    Plaintiff, Amy P. Shoemake (hereinafter "Plaintiff"), is a resident of Chambers County, Alabama and a citizen of the United States.

4.  Defendant, Knauf Fiber Glass (hereinafter "Knauf"), is an Alabama corporation doing business in Chambers County, Alabama.

5.  Defendant, Adecco Employment Services (hereinafter "Adecco"), is an international corporation doing business in Chambers County, Alabama.

III.  **FACTUAL SUMMARY**

6.  Plaintiff commenced employment with Adecco, a temporary employment agency who assigned Plaintiff to Knauf, on or about Mary 25, 2004. While assigned to Knauf she was under the supervision of two teamleaders, Dennie Cannon and Ricky Hamilton.

7.  During the course of Plaintiff's employment, she was sexually harassed by Cannon.

8.  On July 29, 2004, Cannon came to Plaintiff while she was on break. He asked if she would go to West Palm Beach, Florida with him. He said that the two of them could share a room together and he would pay for everything. Cannon further told her that she could not tell her boyfriend because he could not go.

9.  Plaintiff rejected Cannon's advances in no uncertain terms.

10. Cannon approached her again and started talking about working on his boat. He then asked Plaintiff if she would come and stay with him at his parents' home where he had a camper and help him work on the boat. He said that he would make sure she had a good time. Plaintiff again rejected his advances.

11. The next time Plaintiff showed up for work, Norman Crowe asked Plaintiff if she would sit in Cannon's lap. He said, "You would probably give the old man a heart attack." Cannon made it clear to Plaintiff that if she would be with him (implied sexually),

2

that she would not have to work because he would take care of her. Cannon and Crowe asked her why she wouldn't go out with Cannon. She stated that she did not date older men, among other rejecting comments.

12. Cannon again stated that he would show her a good time. Plaintiff walked off.

13. Thirty minutes before the end of Plaintiff's shift, Cannon sent someone to Plaintiff to tell her to come to see him. When she arrived, Cannon told her that she needed to call Adecco the next morning. When she asked why, he wouldn't say.

14. The next morning (7/31/04), Plaintiff phoned Stephanie Patrick at Adecco. Patrick told Plaintiff that she did not need to report to Knauf anymore. When asked why, Patrick told Plaintiff that Cannon had called and said that she needed to be let go.

15. When Plaintiff attempted to explain to Patrick what had happened, Patrick said that she did want to hear it, and hung up on Plaintiff.

### IV. COUNT ONE – SEXUAL HARASSMENT – TANGIBLE JOB ACTION

16. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 15 above.

17. Commencing July 29, 2004, Plaintiff was sexually harassed by her supervisor, Dennie Cannon. She rejected his direct propositions to go to Florida and co-habit with him. She further rejected his advances to live with him while he worked on his boat.

18. As a direct result of her rejections of his sexual advances, Plaintiff suffered the tangible job action of being terminated by her supervisor.

19. While Plaintiff received a paycheck from ADECO, there was a co-employer

3

relationship with Knauf. Her supervisor at Knauf, Cannon, told ADECCO to terminate Plaintiff's employment. Patrick, Plaintiff's supervisor with ADECCO, acquiesced to Cannon's demands and terminated Plaintiff's employee. Patrick on behalf of Adecco was unwilling to receive Plaintiff's complaint of sexual harassment.

20. Adecco has failed and refused to assign Plaintiff to any further job assignments after terminating her employment and assignment with Knauf.

21. As a result of both Defendants actions as co-employers in terminating Plaintiff's employment because of her complaints of sexual harassment, Plaintiff has been damaged suffering a loss of pay and benefits, and extreme mental anguish.

### V.    COUNT TWO – TORTIOUS INTERFERENCE IN A BUSINESS RELATION

22. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 21 above.

23. This claim is brought against Knauf alone. Knauf, knowing the employment relationship existing between Adecco and Plaintiff tortiously interfered through their agent, Cannon, by requiring/recommending that Plaintiff's employment be terminated with Adecco because of Plaintiff's refusal to acquiesce to Cannon's sexual demands.

24. Knauf is vicariously liable for the actions of its, Cannon, by failing to adequately supervise Cannon and/or ratifying Cannon's actions, as its actions, as its agent, in terminating Plaintiff's employment.

4

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A.   That the Court issue a declaratory judgment that the policies, practices, procedures, conditions, and customs of the Defendants violated the rights of Plaintiff as secured by Title VII and supplemental state laws;

B.   Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, and those acting in concert with the Defendants and at the Defendants request from continuing to violate Title VII;

C.   Issue a preliminary and permanent injunction against Knauf Fiber Glass and Adecco Employment Services, its partners, officers, owners, agents, successors, employees, representatives, and all persons acting in concert with them from engaging in any further unlawful practices, policies, customs, usages, or sexual harassment as set forth herein.

D.   Issue an order requiring Defendants to make Plaintiff whole by reinstating her job, awarding her backpay, compensatory damages, and punitive damages.

E.   Award litigation costs and expenses, including reasonable attorney's fees to the Plaintiff;

F.   Such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

_____
DAVID R. ARENDALL
Counsel for Plaintiff

_____
STEPHANIE S. WOODARD
Counsel for Plaintiff

_____
ALLEN D. ARNOLD
Counsel for Plaintiff

OF COUNSEL:
ARENDALL AND ASSOCIATES
2018 Morris Avenue
Birmingham, AL  35203
205.252.1550 – Office
205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
ATTORNEY FOR PLAINTIFF

**SERVE DEFENDANTS
VIA CERTIFIED MAIL**:

Knauf Fiber Glass, Inc.
c/o William F. Donnett, Registered Agent
3502 43rd Street SW
Lanett, AL  36863

Adecco Employment Services
c/o Registered Agent
175 Broad Hollow Road
Melville, NY  11747

6

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| FEPA | |
| X EEOC | |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) Amy D. Shoemake | HOME TELEPHONE (Include Area Code) 706.518.5180 |
|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE 1816 – 68th Avenue SW, Lanette, Chambers County, AL 36863 | DATE OF BIRTH 10/18/78 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME ADECO | NUMBER OF EMPLOYEES, MEMBERS Over 15 | TELEPHONE (Include Area Code) 706.645.5500 |
|---|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE 1000-a Longley Place, LaGrange, GA 30240 | | COUNTY |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

RACE     COLOR     **X SEX     HARASSMENT**

RELIGION     NATIONAL ORIGIN     **X RETALIATION**

AGE     DISABILITY

OTHER (Specify)

DATE FIRST or CONTINUING DISCRIMINATION TOOK PLACE AND DATE LAST DISCRIMINATION TOOK PLACE (Month/Day/Year):

FIRST:

LAST:

## THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

## CHARGE OF DISCRIMINATION

SSN:     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          Sex:     Female          Race:     Caucasian

### Please see following page for particulars.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

*Edgar Donald Smith*
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

*Amy Shoemake*
Amy D. Shoemake
Date
9/21/04
Charging Party (Signature)

*Amy Shoemake*
Amy D. Shoemake
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
9/21/04

**EXHIBIT 1**

EEOC FORM 5 (Rev. 06/92)

EEOC Charge of Amy D. Shoemake
Social Security Number: 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

1. My name is Amy D. Shoemake. I began working with ADECO, assigned to Knauff Insulation in Lanette, Alabama, on May 25, 2004, as a production associate.

2. I was initially assigned to the night shift under Ricky Hamilton. Hamilton recommended that I be hired as a full-time employee of Knauff.

3. I was transferred to the day shift and placed under the supervision of Denny Cannon. Cannon sexually harassed me. He asked me to go to West Palm Beach, Florida with him. He asked me to stay in the room with him so it would cost me nothing. Cannon asked me to come to his house. He stated that a co-worker of hers wanted us to "hook up." Other, equally sexually-suggestive comments were made by Cannon.

4. A co-worker, Norman Crow, witnessed these comments made by Cannon to me.

5. To Cannon's overtures, I repeatedly stated that I was not interested and asked him to stop.

6. I called Stephanie (LNU) at ADECO to report Cannon's sexually harassing comments. Stephanie interrupted me in the middle of the report to tell me that Cannon had called her and said that I needed to be laid off. Stephanie then hung up on me.

7. I contacted the Human Resources Department of Knauff to complain about both Cannon and my lay-off. I also called ADECO again to ask for reassignment to Knauff or elsewhere.

8. Neither Knauff nor ADECO have rehired me even knowing that I was laid off at the direct request of Cannon because of my refusal to submit to his sexual suggestions.

9. At all times during my employment with ADECO and Knauff, my performance was at least satisfactory.

10. I was subjected to a sexually hostile working environment by Cannon while employed with Knauff.

11. Upon information and belief, Cannon had been the subject of previous discipline by Knauff because of similar conduct with other females working under his supervision.

12. Knauff allowed me to be assigned to Cannon without adequate supervision even though it knew of Cannon's previous discipline and tendency to sexually harass females reporting to him.

13. Both ADECO and Knauff violated Title VII of the Civil Rights Act of 1964, as amended, by their conduct in subjecting me to a sexually hostile working environment, terminating my employment in retaliation for my complaints, and in failing to rehire me in retaliation for my complaints.

14. Knauff and ADECO retaliated against me because of my complaints of sexual harassment against Cannon in violation of Title VII of the Civil Rights Act of 1964, as amended.

_____
AMY D. SHOEMAKE

The foregoing instrument was acknowledged before me this the 21 day of September, 2004, by Amy D. Shoemake.

My commission expires: MY COMMISSION EXPIRES FEB. 2, 2006

_____
Notary Public

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|

_____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)*<br>Amy D. Shoemake | HOME TELEPHONE *(Include Area Code)*<br>706.518.5180 |
|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br>1816 – 68th Avenue SW, Lanette, Chambers County, AL 36863 | DATE OF BIRTH<br>10/18/78 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME<br>Knauff Insulation | NUMBER OF EMPLOYEES, MEMBERS<br>Over 15 | TELEPHONE *(Include Area Code)*<br>334.576.8141 |
|---|---|---|
| STREET ADDRESS          CITY, STATE AND ZIP CODE<br>3502 – 43rd Street, SW, Lanett, AL 36263 | | COUNTY<br>Chambers |
| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
| STREET ADDRESS          CITY, STATE AND ZIP CODE | | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*<br><br>RACE      COLOR    **X SEX   HARASSMENT**<br><br>RELIGION    NATIONAL ORIGIN    **X RETALIATION**<br><br>AGE         DISABILITY<br><br>OTHER *(Specify)* | DATE FIRST or CONTINUING DISCRIMINATION TOOK PLACE<br>AND DATE LAST DISCRIMINATION TOOK PLACE *(Month/Day/Year)*:<br><br>FIRST:<br><br>LAST: |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s):

CHARGE OF DISCRIMINATION

SSN:    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              Sex:    Female              Race:    Caucasian

**Please see following page for particulars.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br><br>*[signature: Edgar Donald Smith]*<br>SIGNATURE OF COMPLAINANT |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>*[signature: Amy Shoemake]*<br>Amy D. Shoemake<br>Date             Charging Party *(Signature)*<br>9/21/04 | *[signature: Amy Shoemake]*<br>Amy D. Shoemake<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year)<br>9/21/04                        EXHIBIT 2 |

EEOC FORM 5 (Rev. 06/92)

EEOC Charge of Amy D. Shoemake
Social Security Number: 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

1.      My name is Amy D. Shoemake. I began working with ADECO, assigned to Knauff Insulation in Lanette, Alabama, on May 25, 2004, as a production associate.

2.      I was initially assigned to the night shift under Ricky Hamilton. Hamilton recommended that I be hired as a full-time employee of Knauff.

3.      I was transferred to the day shift and placed under the supervision of Denny Cannon. Cannon sexually harassed me. He asked me to go to West Palm Beach, Florida with him. He asked me to stay in the room with him so it would cost me nothing. Cannon asked me to come to his house. He stated that a co-worker of hers wanted us to "hook up." Other, equally sexually-suggestive comments were made by Cannon.

4.      A co-worker, Norman Crow, witnessed these comments made by Cannon to me.

5.      To Cannon's overtures, I repeatedly stated that I was not interested and asked him to stop.

6.      I called Stephanie (LNU) at ADECO to report Cannon's sexually harassing comments. Stephanie interrupted me in the middle of the report to tell me that Cannon had called her and said that I needed to be laid off. Stephanie then hung up on me.

7.      I contacted the Human Resources Department of Knauff to complain about both Cannon and my lay-off. I also called ADECO again to ask for reassignment to Knauff or elsewhere.

8.      Neither Knauff nor ADECO have rehired me even knowing that I was laid off at the direct request of Cannon because of my refusal to submit to his sexual suggestions.

9.      At all times during my employment with ADECO and Knauff, my performance was at least satisfactory.

10.     I was subjected to a sexually hostile working environment by Cannon while employed with Knauff.

11.     Upon information and belief, Cannon had been the subject of previous discipline by Knauff because of similar conduct with other females working under his supervision.

12.     Knauff allowed me to be assigned to Cannon without adequate supervision even though it knew of Cannon's previous discipline and tendency to sexually harass females reporting to him.

13.     Both ADECO and Knauff violated Title VII of the Civil Rights Act of 1964, as amended, by their conduct in subjecting me to a sexually hostile working environment, terminating my employment in retaliation for my complaints, and in failing to rehire me in retaliation for my complaints.

14.     Knauff and ADECO retaliated against me because of my complaints of sexual harassment against Cannon in violation of Title VII of the Civil Rights Act of 1964, as amended.

_____
AMY D. SHOEMAKE

The foregoing instrument was acknowledged before me this the ___21___ day of ___September___, 2004, by Amy D. Shoemake.

My commission expires:  MY COMMISSION EXPIRES FEB. 2, 2008

_____
Notary Public

EEOC Form 161 (10/96)             **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Ms. Amy Shoemake  
1816 68th Avenue, SW  
Lanett, Alabama  36863

From: Birmingham District Office  
1130 22ND Street, South, Suite 2000  
Birmingham, AL  35205

[ ]  *On behalf of person(s) aggrieved whose identity is  
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-00220 | Booker T. Lewis, Supervisor | (205) 212-2115 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back pay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____  3-31-2005
Bernice Williams-Kimbrough, District Director      *(Date Mailed)*

Enclosure(s)

cc:    Knauff Insulation

EXHIBIT 3

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Ms. Amy Shoemake  
1816 68th Avenue, SW  
Lanett, Alabama 36863

From: Birmingham District Office  
1130 22ND Street, South, Suite 2000  
Birmingham, AL 35205

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-00219 | Booker T. Lewis, Supervisor | (205) 212-2115 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that back pay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_signature_    3-31-2005

Bernice Williams-Kimbrough, District Director    *(Date Mailed)*

Enclosure(s)

cc:   Adecco

EXHIBIT 4