UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 JUN 10 P 3: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

| | |
|---|---|
| AMY SHOEMAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 3:05-cv-398-F |
| ) | |
| KNAUF FIBER GLASS AND ADECCO ) | |
| EMPLOYMENT SERVICES, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Knauf Fiberglass GmbH, Inc. ("Knauf"), by counsel, now answers Plaintiff's Complaint. Knauf notes that, for ease of reference, Plaintiff's Complaint allegations are set forth verbatim, with Knauf's responses following each allegation.

I.  **JURISDICTION AND VENUE**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq*. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e *et seq*. providing for injunctive and other relief against sexual harassment and pendent state claims.

**ANSWER:** Knauf admits that jurisdiction is appropriate in this Court. Knauf further admits that Plaintiff purports to bring a claim pursuant to Title VII and is attempting to invoke this Court's supplemental jurisdiction with regard to her state law claim. Knauf denies liability

1/1342614.1

for all claims asserted by Plaintiff and denies any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  Plaintiff has filed a timely EEOC Charge against each Defendant (Exhibits 1 & 2) and received the Rights to Sue (Exhibits 3 & 4).

**ANSWER:**  Knauf admits that the EEOC Charge filed against it by Plaintiff is attached as Exhibit 2 to the Complaint and the Dismissal and Notice of Rights is attached as Exhibit 3 to the Complaint. Knauf is without sufficient information or knowledge regarding the remaining allegations in Paragraph 2 and therefore denies the same.

**II.   PARTIES**

3.  Plaintiff, Amy P. Shoemake (hereinafter "Plaintiff"), is a resident of Chambers County, Alabama and a citizen of the United States.

**ANSWER:**  Defendant is without sufficient information or knowledge regarding the allegations in Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4.  Defendant, Knauf Fiber Glass (hereinafter "Knauf"), is an Alabama corporation doing business in Chambers County, Alabama.

**ANSWER:**  Defendant admits that it does business in Chambers County, Alabama. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendant, Adecco Employment Services (hereinafter "Adecco"), is an international corporation doing business in Chambers County, Alabama.

**ANSWER:** Defendant is without sufficient information or knowledge regarding the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

### III.   FACTUAL SUMMARY

6.   Plaintiff commenced employment with Adecco, a temporary employment agency who assigned Plaintiff to Knauf, on or about Mary [sic] 25, 2004. While assigned to Knauf she was under the supervision of two teamleaders, Dennie Cannon and Ricky Hamilton.

**ANSWER:** Knauf admits that Plaintiff was assigned by Adecco to Knauf on or about May 25, 2004 and that, depending upon what shift she worked, she was supervised by Team Leaders Dennie Cannon and/or Rickey Hamilton. Knauf is without sufficient information or knowledge regarding the remaining allegations of Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7.   During the course of Plaintiff's employment, she was sexually harassed by Cannon.

**ANSWER:** Knauf denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.   On July 29, 2004, Cannon came to Plaintiff while she was on break. He asked if she would go to West Palm Beach, Florida with him. He said that the two of them could share a room together and he would pay for everything. Cannon further told her that she could not tell her boyfriend because he could not go.

**ANSWER:** Knauf denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Plaintiff rejected Cannon's advances in no uncertain terms.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Cannon approached her again and started talking about working on his boat. He then asked Plaintiff if she would come and stay with him at his parents' home where he had a camper and help him work on the boat. He said that he would make sure she had a good time. Plaintiff again rejected his advances.

**ANSWER:** Knauf denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The next time Plaintiff showed up for work, Norman Crowe asked Plaintiff if she would sit in Cannon's lap. He said, "You would probably give the old man a heart attack." Cannon made it clear to Plaintiff that if she would be with him (implied sexually), that she would not have to work because he would take care of her. Cannon and Crowe asked her why she wouldn't go out with Cannon. She stated that she did not date older men, among other rejecting comments.

**ANSWER:** Knauf denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

1/1342614.1

12. Cannon again stated that he would show her a good time. Plaintiff walked off.

**ANSWER:** Knauf denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Thirty minutes before the end of Plaintiff's shift, Cannon sent someone to Plaintiff to tell her to come to see him. When she arrived, Cannon told her that she needed to call Adecco the next morning. When she asked why, he wouldn't say.

**ANSWER:** Knauf is without sufficient information or knowledge regarding the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. The next morning (7/31/04), Plaintiff phoned Stephanie Patrick at Adecco. Patrick told Plaintiff that she did not need to report to Knauf anymore. When asked why, Patrick told Plaintiff that Cannon had called and said that she needed to be let go.

**ANSWER:** As the allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed at Knauf, no answer is required. Answering further, Knauf denies that Mr. Cannon told Adecco that Plaintiff needed to be let go.

15. When Plaintiff attempted to explain to Patrick what had happened, Patrick said that she did want to hear it, and hung up on Plaintiff.

**ANSWER:** As the allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed at Knauf, no answer is required. Answering further, Knauf is without sufficient information or knowledge regarding the allegations in Paragraph 15, and therefore denies the same.

1/1342614.1

### IV.   COUNT ONE – SEXUAL HARASSMENT – TANGIBLE JOB ACTION

16.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 15 above.

**ANSWER:**   Knauf incorporates its answers to Paragraphs 1 through 15 of Plaintiff's Complaint.

17.   Commencing July 29, 2004, Plaintiff was sexually harassed by her supervisor, Dennie Cannon. She rejected his direct propositions to go to Florida and co-habit with him. She further rejected his advances to live with him while he worked on his boat.

**ANSWER:**   Knauf denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.   As a direct result of her rejections of his sexual advances, Plaintiff suffered the tangible job action of being terminated by her supervisor.

**ANSWER:**   Knauf denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.   While Plaintiff received a paycheck from ADECO [sic], there was a co-employer relationship with Knauf. Her supervisor at Knauf, Cannon, told ADECCO to terminate Plaintiff's employment. Patrick, Plaintiff's supervisor with ADECCO, acquiesced to Cannon's demands and terminated Plaintiff's employee [sic]. Patrick on behalf of Adecco was unwilling to receive Plaintiff's complaint of sexual harassment.

**ANSWER:** To the extent Paragraph 19 consists of legal conclusion and argument, no response is required. Answering further, Knauf denies that Mr. Cannon told Adecco to terminate Plaintiff's employment. Knauf is without sufficient information or knowledge regarding the remaining allegations of Paragraph 19 and therefore denies the same.

20. Adecco has failed and refused to assign Plaintiff to any further job assignments after terminating her employment and assignment with Knauf.

**ANSWER:** As the allegations in Paragraph 20 of Plaintiff's Complaint are not directed at Knauf, no answer is required. Answering further, Knauf is without sufficient information or knowledge regarding the allegations in Paragraph 20, and therefore denies the same.

21. As a result of both Defendants actions as co-employers in terminating Plaintiff's employment because of her complaints of sexual harassment, Plaintiff has been damaged suffering a loss of pay and benefits, and extreme mental anguish.

**ANSWER:** Knauf denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

V. **COUNT TWO – TORTIOUS INTERFERENCE IN A BUSINESS RELATION**

22. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 21 above.

**ANSWER:** Knauf incorporates its answers to Paragraphs 1 through 21 of Plaintiff's Complaint.

23. This claim is brought against Knauf alone. Knauf, knowing the employment relationship existing between Adecco and Plaintiff tortiously interfered through their agent, Cannon, by requiring/recommending that Plaintiff's employment be terminated with Adecco because of Plaintiff's refusal to acquiesce to Cannon's sexual demands.

**ANSWER:** Knauf admits that Plaintiff purports to bring this claim against it. Knauf denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Knauf is vicariously liable for the actions of its [sic], Cannon, by failing to adequately supervise Cannon and/or ratifying Cannon's actions, as its actions, as its agent, in terminating Plaintiff's employment.

**ANSWER:** Knauf denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A. That the Court issue a declaratory judgment that the policies, practices, procedures, conditions, and customs of the Defendants violated the rights of Plaintiff as secured by Title VII and supplemental state laws;

B. Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, and those acting in concert with the Defendants and at the Defendants request from continuing to violate Title VII;

C.  Issue a preliminary and permanent injunction against Knauf Fiber Glass and Adecco Employment Services, its partners, officers, owners, agents, successors, employees, representatives, and all persons acting in concert with them from engaging in any further unlawful practices, policies, customs, usages, or sexual harassment as set forth herein.

D.  Issue an order requiring Defendants to make Plaintiff whole by reinstating her job, awarding her backpay, compensatory damages, and punitive damages.

E.  Award litigation costs and expenses, including reasonable attorney's fees to the Plaintiff;

F.  Such other and further relief as this Court deems equitable, proper and just.

**ANSWER:** Knauf denies any violations or wrong-doing of any kind and therefore denies that Plaintiff is entitled to any relief.

**WHEREFORE**, Defendant, Knauf Fiberglass GmbH, Inc. requests that Plaintiff's Complaint be dismissed in its entirety and that it be awarded its attorneys' fees, costs and all other just and proper relief.

### SECOND DEFENSE

To the extent that an answer response may be required which is not set forth herein, Knauf denies any allegations contained in Plaintiff's Complaint that are not expressly admitted herein.

### THIRD DEFENSE

Plaintiff's request for damages is bound or limited by the U.S. Constitution, Title VII and the Alabama Constitution.

### FOURTH DEFENSE

Plaintiff's request for punitive damages is barred by Knauf's good faith efforts to comply with equal employment opportunity laws.

- 9 -

## FIFTH DEFENSE

One or more of Plaintiff's claims and causes of action may be barred by Plaintiff's failure to exhaust administrative remedies.

## SIXTH DEFENSE

Plaintiff's request for jury trial is barred to the extent that she asks that the jury determine equitable remedies or otherwise decide issues not triable to a jury.

## SEVENTH DEFENSE

Some or all of Plaintiff's actions may be barred by the doctrines of waiver, estoppel, and/or laches.

## EIGHTH DEFENSE

Subject to a reasonable opportunity to conduct discovery, Plaintiff may have failed to mitigate her damages.

## NINTH DEFENSE

Subject to a reasonable opportunity to conduct discovery, Plaintiff's remedies may be limited by the after-acquired evidence and set-off doctrines.

## TENTH DEFENSE

Knauf exercised reasonable care to prevent and correct promptly any harassing behavior by establishing and publishing effective policies and complaint procedures for its employees.

## ELEVENTH DEFENSE

Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided by Knauf or to otherwise avoid harm.

## TWELFTH DEFENSE

Knauf at all times exercised good faith in its employment practices.

1/1342614.1

## THIRTEENTH DEFENSE

Knauf had legitimate, nondiscriminatory reasons for its employment actions, if any, related to Plaintiff.

## FOURTEENTH DEFENSE

Knauf was justified in taking the action(s), if any, that it took vis a vis Plaintiff's relationship with Adecco.

Respectfully submitted,

_____
Robert E. Roundstone, IV
Bradley Arant Rose & White LLP
The Alabama Center For Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: bpoundstone@bradleyarant.com.

Kenneth J. Yerkes (pro hac vice motion pending)
Richard P. Winegardner (pro hac vice motion pending)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile:  (317) 231-7433
Email:     ken.yerkes@btlaw.com
           rwinegar@btlaw.com

Attorneys for Defendant Knauf Fiber Glass

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing Defendant's Answer to Plaintiff's Complaint on:

>David R. Arendall
>Stephanie S. Woodard
>Allen D. Arnold
>ARENDALL AND ASSOCIATES
>2018 Morris Avenue
>Birmingham, Alabama 35203
>(205) 314-0500
>
>Bradley T. Adler
>Gregory Scott Richters
>FREEMAN MATHIS & GARY LLP
>100 Galleria Parkway, Suite 1600
>Atlanta, GA 30339-5948

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this 10th day of June, 2005.

_____
OF COUNSEL