IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AMY SHOEMAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 3:05-CV-398-F |
| KNAUF FIBERGLASS GmbH, INC. | ) | |
| AND ADECCO U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT ADECCO U.S.A., INC., TO
PLAINTIFF'S AMENDED AND RESTATED COMPLAINT**

COMES NOW, Adecco U.S.A., Inc., (hereinafter "Adecco"), a Defendant in the above-referenced matter and files this, its Answer to Plaintiff's Amended and Restated Complaint, and by way of said Answer respectfully shows the following:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's claim against Adecco.

**THIRD DEFENSE**

Plaintiff's claim is barred for insufficiency of service of process.

## FOURTH DEFENSE

Plaintiff's claim against Adecco is barred for insufficiency of process.

## FIFTH DEFENSE

Plaintiff's claim against Adecco is barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

## SIXTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided for by the statute.

## SEVENTH DEFENSE

Even if any adverse actions were taken against Plaintiff for reasons related to Plaintiff's protected class status or any exercise by Plaintiff of protected rights, Plaintiff would have been subject to adverse employment actions or otherwise for reasons unrelated to any protected class status or activities, including after acquired evidence.

## EIGHTH DEFENSE

Any adverse action taken against Plaintiff was done so in good faith without malice or reckless indifference to Plaintiff's protected rights.

## NINTH DEFENSE

Any claim brought against Adecco by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 is barred to the extent that it was never made the subject of a Charge of Discrimination within the time period required by law with the Equal Employment Opportunity Commission or because the claim is not within the scope of any Charge of Discrimination filed by Plaintiff.

## TENTH DEFENSE

Even if Plaintiff was subject to unlawful conduct based on Plaintiff's protected class status, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim and Plaintiff unreasonably failed to avail herself of preventive or corrective opportunities or to avoid harm otherwise.

## ELEVENTH DEFENSE

Plaintiff's claim against Adecco is barred by Plaintiff's failure to exhaust administrative remedies.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate damages as required by law.

## THIRTEENTH DEFENSE

Defendant Adecco is not a proper party to this civil action.

**FOURTEENTH DEFENSE**

To the extent requested, Plaintiff has failed to prove she is entitled to any damages, including punitive damages.

**FIFTEENTH DEFENSE**

Adecco reserves the right to assert any additional affirmative defenses allowed by Fed. R. Civ. P. 8 depending upon any evidence discovered in pursuit of this litigation.

**SIXTEENTH DEFENSE**

For answer to the respective paragraphs of the Complaint, Adecco shows as follows:

**I.     JURISDICTION AND VENUE**

1.

Defendant admits that Plaintiff seeks to invoke the jurisdiction of this Court and brings this action pursuant to Title VII of the Civil Rights Act of 1964 and denies the remaining allegations pled in paragraph 1 of the Complaint.

2.

Adecco denies the allegations pled in paragraph 2 of the Complaint.

## II.  PARTIES

3.

Adecco is without knowledge or information sufficient to admit or deny the truth of the allegation pled in paragraph 3 of the Complaint.

4.

Adecco is without knowledge or information sufficient to admit or deny the truth of the allegation pled in paragraph 4 of the Complaint.

5.

Defendant admits that Adecco U.S.A., Inc. does business in Chambers County, Alabama and denies the remaining allegation pled in paragraph 5 of the Complaint.

## III.  FACTUAL SUMMARY

6.

Defendant admits that Plaintiff was assigned to Knauf on or about May 25, 2004, that Dennie Cannon and Ricky Hamilton are Team Leaders for Knauf and denies the remaining allegations pled in paragraph 6 of the Complaint.

7.

Defendant denies the allegations pled in paragraph 7 of the Complaint.

8.

Defendant denies the allegations pled in paragraph 8 of the Complaint.

9.

Defendant denies the allegations pled in paragraph 9 of the Complaint.

10.

Defendant denies the allegations pled in paragraph 10 of the Complaint.

11.

Defendant denies the allegations pled in paragraph 11 of the Complaint.

12.

Defendant denies the allegations pled in paragraph 12 of the Complaint.

13.

Defendant denies the allegations pled in paragraph 13 of the Complaint.

14.

Defendant denies the allegations pled in paragraph 14 of the Complaint.

15.

Defendant denies the allegations pled in paragraph 15 of the Complaint.

**IV.   COUNT I – SEXUAL HARASSMENT-TANGIBLE JOB ACTION**

16.

Adecco incorporates by reference its responses to paragraphs 1 through 15 of the Complaint as though set forth specially herein.

17.

Defendant denies the allegations pled in paragraph 17 of the Complaint.

18.

Defendant denies the allegations pled in paragraph 18 of the Complaint.

19.

Defendant denies the allegations pled in paragraph 19 of the Complaint.

20.

Defendant denies the allegations pled in paragraph 20 of the Complaint.

21.

Defendant denies the allegations pled in paragraph 21 of the Complaint.

### V.     COUNT II –TORTIOUS INTERFERENCE IN A BUSINESS RELATION

22.

Adecco incorporates by reference its responses to paragraphs 1 through 21 of the Complaint as though set forth specially herein.

23.

Adecco shows that the allegations pled in paragraph 23 of the Complaint are not directed to it and need no answer, but to the extent it may require an answer, Adecco shows it is without knowledge or information sufficient to admit or deny the truth of the allegations pled in said paragraph.

24.

Adecco shows that the allegations pled in paragraph 24 of the Complaint are not directed to it and need no answer, but to the extent it may require an answer,

Adecco shows it is without knowledge or information sufficient to admit or deny the truth of the allegations pled in said paragraph.

25.

Adecco denies that Plaintiff is entitled to any of the relief set forth in her Request in Sections A-F of the Complaint.

26.

Any allegation in the Complaint not heretofore answered, qualified or denied are here and now denied as those set forth specifically and denied.

WHEREFORE, Adecco respectfully requests that this Court:

1. Dismiss with prejudice Plaintiff's Complaint;

2. Award Adecco its reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or other applicable law; and

3. Award any and all other relief to Adecco that this Court may deem necessary and proper.

Respectfully submitted,


/s/ Bradley T. Adler
Gregory S. Richters
Georgia Bar No.604618
*Admitted Pro Hac Vice*
Bradley T. Adler
Georgia Bar No. 005525
*Admitted Pro Hac Vice*

Counsel for Defendant Adecco U.S.A., Inc.

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
T:  770.818.0000
F:  770.937.9960

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **AMY SHOEMAKE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION FILE** |
| ) | **NO. 3:05-CV-398-F** |
| **KNAUF FIBER GLASS GmbH** ) | |
| **ADECCO U.S.A., INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing ANSWER OF DEFENDANT ADECCO U.S.A., INC., TO PLAINTIFF'S AMENDED AND RESTATED COMPLAINT to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants. Counsel of record are:

| | |
|---|---|
| David R. Arendall, Esq. | Richard P. Winegardner, Esq. |
| Stephanie S. Woodard, Esq. | Barnes & Thornburg, LLP |
| Allen D. Arnold, Esq. | 11 South Meridian Street |
| Arendall & Associates | Indianapolis, Indiana  46204-3535 |
| 2018 Morris Avenue | |
| Birmingham, AL 35203 | |

This 27th day of June, 2005.

/s/ Bradley T. Adler
Bradley T. Adler

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
T:  770.818.0000
F:  770.937.9960
KAM5553/6021.41315