IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**AMY SHOEMAKE,**

    **PLAINTIFF,**                             **CIVIL ACTION NO. 03:05-cv-398-F**

**V.**

**KNAUF FIBERGLASS GmbH, INC.
AND ADECCO U.S.A., INC.,**

    **DEFENDANTS.**                         **DEMAND TRIAL BY JURY**

## AMENDED AND RESTATED COMPLAINT

COMES NOW the Plaintiff, Amy Shoemake, by and through the undersigned attorneys, and for the causes of action, states the following:

    **I.**     **JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq.* The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §2000e *et seq.* providing for injunctive and other relief against sexual harassment and pendent state claims.

2. Plaintiff has filed a timely EEOC Charge against each Defendant (Exhibits 1 & 2) and received the Rights to Sue (Exhibits 3 & 4).

    **II.**     **PARTIES**

3. Plaintiff, Amy P. Shoemake (hereinafter "Plaintiff"), is a resident of Chambers County, Alabama and a citizen of the United States.

4.  Defendant, Knauf Fiberglass GmbH, Inc. (hereinafter "Knauf"), is an Alabama corporation doing business in Chambers County, Alabama.

5.  Defendant, Adecco U.S.A., Inc. (hereinafter "Adecco"), is an international corporation doing business in Chambers County, Alabama.

**III.    FACTUAL SUMMARY**

6.  Plaintiff commenced employment with Adecco, a temporary employment agency who assigned Plaintiff to Knauf, on or about Mary 25, 2004. While assigned to Knauf she was under the supervision of two teamleaders, Dennie Cannon and Ricky Hamilton.

7.  During the course of Plaintiff's employment, she was sexually harassed by Cannon.

8.  On July 29, 2004, Cannon came to Plaintiff while she was on break. He asked if she would go to West Palm Beach, Florida with him. He said that the two of them could share a room together and he would pay for everything. Cannon further told her that she could not tell her boyfriend because he could not go.

9.  Plaintiff rejected Cannon's advances in no uncertain terms.

10. Cannon approached her again and started talking about working on his boat. He then asked Plaintiff if she would come and stay with him at his parents' home where he had a camper and help him work on the boat. He said that he would make sure she had a good time. Plaintiff again rejected his advances.

11. The next time Plaintiff showed up for work, Norman Crowe asked Plaintiff if she would sit in Cannon's lap. He said, "You would probably give the old man a heart attack." Cannon made it clear to Plaintiff that if she would be with him (implied sexually),

2

that she would not have to work because he would take care of her. Cannon and Crowe asked her why she wouldn't go out with Cannon. She stated that she did not date older men, among other rejecting comments.

12. Cannon again stated that he would show her a good time. Plaintiff walked off.

13. Thirty minutes before the end of Plaintiff's shift, Cannon sent someone to Plaintiff to tell her to come to see him. When she arrived, Cannon told her that she needed to call Adecco the next morning. When she asked why, he wouldn't say.

14. The next morning (7/31/04), Plaintiff phoned Stephanie Patrick at Adecco. Patrick told Plaintiff that she did not need to report to Knauf anymore. When asked why, Patrick told Plaintiff that Cannon had called and said that she needed to be let go.

15. When Plaintiff attempted to explain to Patrick what had happened, Patrick said that she did want to hear it, and hung up on Plaintiff.

**IV.    COUNT ONE – SEXUAL HARASSMENT – TANGIBLE JOB ACTION**

16. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 15 above.

17. Commencing July 29, 2004, Plaintiff was sexually harassed by her supervisor, Dennie Cannon. She rejected his direct propositions to go to Florida and co-habit with him. She further rejected his advances to live with him while he worked on his boat.

18. As a direct result of her rejections of his sexual advances, Plaintiff suffered the tangible job action of being terminated by her supervisor.

19. While Plaintiff received a paycheck from ADECO, there was a co-employer relationship with Knauf. Her supervisor at Knauf, Cannon, told ADECCO to terminate Plaintiff's employment. Patrick, Plaintiff's supervisor with ADECCO, acquiesced to

3

Cannon's demands and terminated Plaintiff's employee.  Patrick on behalf of Adecco was unwilling to receive Plaintiff's complaint of sexual harassment.

20. Adecco has failed and refused to assign Plaintiff to any further job assignments after terminating her employment and assignment with Knauf.

21. As a result of both Defendants actions as co-employers in terminating Plaintiff's employment because of her complaints of sexual harassment, Plaintiff has been damaged suffering a loss of pay and benefits, and extreme mental anguish.

**V.     COUNT TWO – TORTIOUS INTERFERENCE IN A BUSINESS RELATION**

22. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 21 above.

23. This claim is brought against Knauf alone.  Knauf, knowing the employment relationship existing between Adecco and Plaintiff tortiously interfered through their agent, Cannon, by requiring/recommending that Plaintiff's employment be terminated with Adecco because of Plaintiff's refusal to acquiesce to Cannon's sexual demands.

24. Knauf is vicariously liable for the actions of its, Cannon, by failing to adequately supervise Cannon and/or ratifying Cannon's actions, as its actions, as its agent, in  terminating Plaintiff's employment.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue a declaratory judgment that the policies, practices, procedures, conditions, and customs of the Defendants violated the rights of Plaintiff as secured by Title VII and supplemental state laws;

B. Grant the Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, and those acting in concert with the Defendants and at the Defendants request from continuing to violate Title VII;

C. Issue a preliminary and permanent injunction against Knauf and Adecco, its partners, officers, owners, agents, successors, employees, representatives, and all persons acting in concert with them from engaging in any further unlawful practices, policies, customs, usages, or sexual harassment as set forth herein.

D. Issue an order requiring Defendants to make Plaintiff whole by reinstating her job, awarding her back pay, compensatory damages, and punitive damages.

E. Award litigation costs and expenses, including reasonable attorney's fees to the Plaintiff;

F. Such other and further relief as this Court deems equitable, proper and just.

Respectfully submitted,

/s/ David R. Arendall

_____
DAVID R. ARENDALL
STEPHANIE S. WOODARD
ALLEN D. ARNOLD
Counsel for Plaintiff

<u>OF COUNSEL:</u>
ARENDALL AND ASSOCIATES
2018 Morris Avenue
Birmingham, AL  35203
205.252.1550 – Office
205.252.1556 – Facsimile

### JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

/s/ David R. Arendall
_____
ATTORNEY FOR PLAINTIFF

### **<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on July 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Poundstone, IV
Bradley Arant Rose & White LLP

Bradley T. Adler
Freeman Mathis & Gary LLP

/s/ David R. Arendall
_____
Of Counsel

6